UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W.,

                Plaintiff,

v.                                                                  8:17-cv-0908 (TWD)

COMM'R OF SOC. SEC.,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

SCHNEIDER & PALCSIK                 MARK A. SCHNEIDER, ESQ.
 Counsel for Plaintiff
57 Court Street
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.       DANIELLA M. CALENZO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Mark W. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 10 and 11.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1976, making him 34 years old at the alleged onset date. He reported completing the ninth grade, and has previous work as a floor layer. At the initial application level, Plaintiff alleged disability due to lumbar radiculopathy, facet arthropathy and degenerative disc disease, spondylolisthesis, knee osteoarthritis, depression, a mood disorder, generalized anxiety disorder, Bipolar I disorder, and Hepatitis C.

### B. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on May 14, 2014, alleging disability beginning October 19, 2010. His application was initially denied on July 11, 2014, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at an administrative hearing before ALJ Arthur Patane on December 11, 2015. (T. 26-39.) [1] On June 1, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 9-25.) On August 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-4.)

### C. The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law: (1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, and did not engage in substantial gainful activity during the period from his alleged onset date through his

---

[1] The Administrative Transcript is found at Dkt. No. 9. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

date last insured; (2) his lumbar degenerative disc disease and radiculopathy and osteoarthritis of the knee were severe impairments through the date last insured; (3) he did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"); (4) he had the residual functional capacity ("RFC") to perform light work except he could sit for one hour at a time for a total of seven hours during an eight-hour workday, stand for 20 minutes at a time for four total hours during an eight-hour workday, and walk for 30 minutes at a time for four total hours during an eight-hour workday, and could never kneel, crouch, crawl, or work from ladders/scaffolds; and (5) he was unable to perform any past relevant work through the date last insured, but there were jobs existing in significant numbers in the national economy Plaintiff could perform. (T. 14-20.) The ALJ therefore concluded Plaintiff is not disabled.

D. The Parties' Contentions

Plaintiff argues the ALJ erred in the following ways: (1) he did not find Plaintiff's depression and anxiety to be severe impairments and failed to consider these impairments at Steps Four and Five; (2) he did not properly evaluate the opinion evidence and found Plaintiff has the RFC to perform light work; (3) he did not give any weight to the source statement from Plaintiff's treating nurse practitioner ("NP") which limited Plaintiff to sedentary work; and (4) the credibility determination was incorrect. (Dkt. No. 10 at 10-27.[2])

Defendant contends the ALJ's decision is supported by substantial evidence and correct legal standards were applied because: (1) the ALJ correctly assessed the severity of Plaintiff's mental impairments at Step Two including his notation of Plaintiff's lack of formal mental health

---

[2] Page references to the parties' briefs identified by docket number are to the numbers assigned by the Court's CM/ECF electronic docketing system.

treatment and normal findings in the record; (2) the ALJ properly evaluated Plaintiff's impairments at Step Three; (3) the ALJ properly evaluated the opinion evidence; and (4) the ALJ properly assessed Plaintiff's credibility. (Dkt. No. 11 at 6-23.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is

5

> unable to perform his past work, the [Commissioner] then
> determines whether there is other work which the claimant could
> perform. Under the cases previously discussed, the claimant bears
> the burden of the proof as to the first four steps, while the
> [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. The ALJ's Analysis of Plaintiff's Mental Impairments at Steps Two and Three

The regulations require application of a special technique at the second and third steps of the five-step framework for evaluating the severity of mental impairments. 20 C.F.R. § 404.1520a. "Where the alleged disability consists of a mental impairment, a special procedure must be followed at each level of administrative review 'in evaluating the severity of mental impairments for adults . . . .'" *Martone v. Apfel*, 70 F. Supp. 2d 145, 149 (N.D.N.Y. 1999) (quoting 20 C.F.R. (§§ 404.1520a(a), 416.920a(a)).

> First, "the pertinent signs, symptoms, findings, functional
> limitations, and effects of treatments contained in [the] case
> record" must be recorded. §§ 404.1520a(b)(1), 416.920a(a).
> Second, if a mental impairment is determined to exist, then the
> Commissioner "must indicate whether certain medical findings
> which have been found especially relevant to the ability to work
> are present or absent." §§ 404.1520a(b)(2), 416.920a(b)(2). Next,
> the degree of functional loss resulting from the impairment must be
> rated on a scale ranging from no limitation to severe limitation
> which is incompatible with the ability to do work-like functions.
> §§ 404.1520a(b)(3), 416.920a(b)(3). Four factors are analyzed: (1)
> activities of daily living; (2) social functioning; (3) concentration,
> persistence, and pace; and (4) deterioration or decompensation in
> work or work-like settings. *Id.* The next steps involve
> determining the severity of the mental impairment and whether it

6

> meets or equals a listed mental disorder. §§ 404.1520a(c), 416.920a(c). Finally, if the impairment is severe, but it does not meet or equal a listed mental disorder, an RFC assessment must be completed. §§ 404.1520a(c)(3), 416.920a(c)(3).

*Martone v. Apfel*, 70 F. Supp. 2d at 149.

This requires the ALJ to first determine whether the claimant has a medically determinable mental impairment, and then rate the degree of functional limitation resulting from the impairments. *Id*. As noted, the four broad functional areas are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The degree of limitation is rated on a five-point scale: "[n]one, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). The ALJ's written decision "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." *Id*. § 404.1520a(e)(2).

Under the regulations, if the degree of limitation in each of the first three areas is mild or better, and no episodes of decompensation are identified, the ALJ will generally conclude that the claimant's mental impairment is not severe and will deny benefits. *Id.* § 404.1520a(d)(1). Application of this process must be documented and the ALJ's written decision must reflect application of the technique and include a specific finding as to the degree of limitation in each of the four functional areas. *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (remanding where the ALJ did not adhere to the special technique); *Leonard v. Colvin*, 15-CV-0125 (TJM/TWD), 2016 WL 1237782, at *15 (N.D.N.Y. Mar. 2, 2016), *Report and Recommendation adopted by* 2016 WL 1238336 (N.D.N.Y. Mar. 28, 2016); § 404.1520a(e).

Failure to follow this technique is error and results in an inadequately developed record with regard to the four functional areas. *Kohler*, 546 F.3d at 267. Where the court cannot

identify findings regarding the degree of claimant's limitations to discern whether the ALJ properly considered all evidence relevant to those areas, the court cannot determine whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards. *Id*. at 269.

> Effective review by this Court is frustrated by the decision's failure to adhere to the regulations. First, because the decision contains no specific findings regarding [claimant's] degree of limitation in the four functional areas by which disabling conditions are rated, the Court cannot determine whether there is substantial evidence for the ALJ's conclusion that [claimant's] impairment, while severe, was not as severe as any listed disabling condition. Second, the ALJ's decision discusses much of the relevant evidence primarily in the context of [claimant's] residual functional capacity to perform work and not in the context of the four functional areas identified by the regulations. Thus, it is not clear whether the ALJ adequately considered the entire record when determining the severity of [claimant's] impairment, or whether he might have found it to equal the severity of a listed condition had he followed the regulations and made specific findings regarding [claimant's] degree of limitation in each functional area. It also is not clear whether the ALJ would have arrived at the same conclusion regarding [claimant's] residual functional capacity to perform work had he adhered to the regulations.

*Id*. at 267-68.

Plaintiff's arguments here address the ALJ's severity and listing findings regarding Plaintiff's alleged mental impairments, but do not appear to specifically address the requirement that the ALJ utilize the special psychiatric review technique when assessing the severity and impact of Plaintiff's mental impairments on his work-related functioning. (Dkt. No. 10 at 10-12, 14-21.) *Lewis*, 122 F. Supp. 3d at 6; 20 C.F.R. § 404.1520a. Nevertheless, the Court finds that the ALJ's analysis of Plaintiff's mental impairments at Steps Two and Three is not supported by

8

substantial evidence because the ALJ seemingly failed to utilize the special psychiatric review technique as part of that analysis and/or did not include it in the written decision.

On its face, the ALJ's decision does provide some explanation for why he did not find Plaintiff's depression or anxiety to be severe. (T. 14-15.) For example, the ALJ's analysis at Step Two noted Plaintiff's assertion that his ability to perform work was limited by a mood disorder and anxiety disorder and treatment reports in evidence dated just prior to the date last insured documented subjective reports of depression and anxiety with reported poor response to medication. (T. 14, 136-45, 489-90.) The ALJ indicated the record did not document evidence of any inpatient mental health treatment prior to the date last insured and medical reports in evidence prior to that date generally documented normal findings on mini-mental status examinations. (T. 14, 390, 412.) The ALJ also noted Plaintiff's treating NP Brian LeCuyer observed no evidence of any limitation in Plaintiff's mental functioning in September 2013. (T. 14, 525.) The ALJ then cited the assessment of non-examining State agency medical consultant L. Hoffman, Ph.D., which indicated there was insufficient evidence in the record to confirm that Plaintiff's mental impairments caused functional limitations. (T. 15, 41-48.) Finally, the ALJ noted that, based on his own careful review of the entire record, he did not find sufficient clinical, treatment, or medical opinion evidence to support a finding that Plaintiff's mental impairments caused more than minimal limitations lasting for a continuous 12-month period prior to the date last insured and, accordingly, he found Plaintiff did not have a severe mental impairment prior to the date last insured. (T. 15.)

In order to properly apply the "special technique" required for a disability determination of a claimant asserting mental impairments, however, the ALJ's decision must show "the

9

significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. § 404.1520a(e)(4). Here the ALJ only briefly discussed Plaintiff's mental health treatment, and did not enumerate or determine the severity of each of the four functional areas listed in § 404.1520a(e)(4), nor did the ALJ provide the requisite "specific findings" required to justify ratings as to the degree of limitation in those areas. (T. 14-15.) *See Comins v. Astrue*, 374 F. App'x 147, 150 (2d Cir. 2010) (finding that the ALJ properly followed the special technique when the decision "specifically expounded upon each of the four functional areas of the special technique" and "[b]olstered by evaluations from a variety of medical personnel . . . he carefully laid out the limitations [claimant] would be expected to have in each area."); *see also Buford v. Comm'r of Social Sec.*, No. 12-CV-5751 (KAM), 2015 WL 8042210 (E.D.N.Y. Dec. 3, 2015) (remanding for ALJ's failure to adequately explain his determination on functional ratings where when evaluating plaintiff's restrictions on activities of daily living and difficulties in concentration, persistence, and pace, ALJ made brief reference to mental health status evaluation by a consultative psychiatrist who saw plaintiff on one occasion); *Fait v. Astrue*, No. 10-CV-5407 (NGG), 2012 WL 2449939, at *6 (E.D.N.Y. June 27, 2012) (finding that ALJ's failure to justify his findings regarding the severity of the claimant's disability was improper application of the special technique and legal error that was cause for remand). Here, the ALJ entirely failed to rate Plaintiff's functional limitations for activities of daily living, social functioning, and maintaining concentration, persistence or pace. (T. 14-15.) The ALJ did note the record was void of any mental health inpatient treatment records, but did not specifically comment on episodes of decompensation. *Id*.

10

Thus, the Court finds this analysis insufficient because it cannot be clearly determined that the ALJ engaged in the special psychiatric review technique in considering Plaintiff's mental impairments. The Court's review indicates that the ALJ apparently did not in any way rate the degree of functional limitation resulting from those impairments, nor did the ALJ incorporate any such pertinent findings and conclusions based on the technique into the written decision. 20 C.F.R. §§ 404.1520a(b)(2), 404.1520a(e)(4). Since the ALJ failed to justify his findings regarding Plaintiff's alleged mental disability, and did not apply the required special technique for evaluating Plaintiff's mental impairments, the ALJ's findings at Steps Two and Three are not supported by substantial evidence and correct legal standard were not applied. Remand is required on this basis.

### B. The ALJ's Analysis of the Opinion Evidence and Plaintiff's RFC and Credibility

Because remand is necessary and the ALJ will be required to address the above-noted deficiencies in considering Plaintiff's mental impairments when issuing a new decision, the Court declines to reach a finding regarding Plaintiff's arguments on the ALJ's analysis of the opinion evidence and Plaintiff's RFC and credibility. (Dkt. No. 10 at 12-27.) However, on remand, in addition to properly conducting the special psychiatric review, the ALJ should also conduct a new analysis of the Plaintiff's RFC which must include evaluation of the opinion evidence and Plaintiff's credibility as part of that review.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **VACATED**, and this case is **REMANDED**, pursuant to Sentence Four of 42 § U.S.C. 405(g) for proceedings consistent with this Decision and Order.

Dated: February 6, 2019
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge